En el Tribunal Supremo de Puerto Rico

| In re: | Solicitud de Reapertura de Caso |
|---|---|
| Angel Figueroa Vivas | 99 TSPR 158 |

Número del Caso: TS-4270

Oficina del Procurador General:    Lcda. Edna E. Rodríguez Benítez

Abogados de Angel Figueroa Vivas:  Lcda. Irma R. Valldejuli

Lcdo. Héctor Santiago Rivera

Abogados de Héctor Rivera Cruz:    Lcdo. Marcos A. Ramírez Lavandero

Lcdo. Eduardo A. Vera Ramírez

Fecha: 18/10/1999

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In re:

Angel Figueroa Vivas

                                    TS-4270

Opinión del Tribunal emitida por el Juez Asociado
señor Hernández Denton

San Juan, Puerto Rico, a 18 de octubre de 1999.

¿Está protegido por la cláusula de inmunidad parlamentaria el ex-investigador especial del Senado, el Lic. Héctor Rivera Cruz, de ser compelido a comparecer a la vista de reapertura del proceso disciplinario del Sr. Angel Figueroa Vivas que se ventila ante un Comisionado Especial de este Tribunal? En el caso de autos el licenciado Rivera Cruz nos solicita que revisemos la decisión del Comisionado Especial que denegó su petición de que se dejara sin efecto su citación al amparo de la Cláusula de Inmunidad Parlamentaria de nuestra Constitución. Revocamos.

# I

El Sr. Angel Figueroa Vivas solicitó se expidiese citación al Lic. Héctor Rivera Cruz para que compareciese a prestar testimonio en el caso de reapertura de su procedimiento disciplinario que en la actualidad pende ante este Tribunal y se ventila ante el Comisionado Especial, Hon. Abner Limardo Sánchez. Adujo que dicha comparecencia era indispensable para demostrar la existencia de alegada prueba exculpatoria o favorable que le fue ocultada durante el procedimiento disciplinario original en su contra que culminó en su separación permanente de la abogacía el 21 de febrero de 1991. *In re* Colton Fontán, 128 D.P.R. 1 (1991). Expresó que dicha prueba serviría para demostrar que no era responsable de los cargos disciplinarios imputados.

Rivera Cruz acudió ante nos y solicitó se dejara sin efecto la citación. Argumentó que debido a la naturaleza del recurso, cualquier testimonio relevante que él pudiese ofrecer, versaría sobre sus gestiones como investigador especial senatorial de los sucesos del Cerro Maravilla. Sobre dichas gestiones invocó la Cláusula de Inmunidad Parlamentaria consagrada en la Sección 14, Artículo III, Constitución del Estado Libre Asociado de Puerto Rico.

Inicialmente declinamos intervenir en esa etapa, sin perjuicio de que reprodujese su solicitud ante el Comisionado Especial. Realizado ese trámite, el Comisionado Especial denegó el pedido de Rivera Cruz y le ordenó comparecer por entender que el derecho de Figueroa Vivas a presentar prueba en apoyo de su solicitud de reapertura debía prevalecer sobre la inmunidad legislativa.

Rivera Cruz nos solicitó que revisáramos esa determinación. Interinamente dejamos en suspenso su citación hasta tanto adjudicásemos el asunto, y ordenamos al Procurador General, a Figueroa Vivas y a Rivera Cruz exponer sus respectivas posiciones en torno al planteamiento sobre inmunidad parlamentaria. Resolvemos.

II

Recientemente en Hon. Charlie Rodríguez y otros, res. el 30 de junio de 1999, 99 TSPR 104, analizamos los contornos de la cláusula de inmunidad parlamentaria de nuestra Constitución. Allí advertimos de que su alcance es amplio, y responde a la necesidad de garantizar la independencia de la Rama Legislativa frente a los otros poderes el gobierno, fortaleciendo de ese modo el sistema de separación de poderes en el que descansa nuestra arquitectura constitucional de gobierno democrático. Romero Barceló v. Hernández Agosto, 115 D.P.R. 368 (1984).

Expresamente reconocimos que la cláusula de inmunidad parlamentaria, además de consagrar un derecho de inmunidad sustantiva que cobija los actos legislativos legítimos de los miembros de la Asamblea Legislativa, ofrece la protección, en calidad de privilegio evidenciario, contra todo requerimiento compulsorio ante cualquier otro foro que no sea el legislativo. Aclaramos también, que el criterio al determinar el alcance de la Cláusula de Inmunidad Parlamentaria en su dimensión evidenciaria, es el mismo que en su vertiente de inmunidad sustantiva. Es decir, el privilegio protege solamente aquellas comunicaciones que forman parte del proceso legislativo legítimo. Hon. Charlie Rodríguez y otros, supra.

La inmunidad legislativa se extiende a toda actividad legislativa legítima, independientemente de si el titular del privilegio es en el presente, o fue en el pasado, miembro de la Asamblea Legislativa de Puerto Rico. El factor determinante es si la conducta en que incurrió, o las expresiones que hizo, se realizaron mientras el titular pertenecía a la Asamblea Legislativa y estaba en el desempeño de sus funciones. Hon. Charlie Rodríguez y otros, supra; Miller v. Transamerican Press Inc., 709 F.2d 524 (1983). Una vez determinado que dicha actividad forma parte de una actividad legislativa legítima, el funcionario no puede ser cuestionado en ningún otro foro, y tal

prohibición es absoluta. Eastland v. U.S. Servicemen´s Fund, 421 U.S. 491 (1975); Doe v. Mcmillan, 412 U.S. 306 (1973); U.S. v Brewster, 408 U.S. 501 (1972).

Jurisprudencialmente también hemos establecido que la inmunidad parlamentaria se extiende a los ayudantes legislativos cuando sus actuaciones son parte del proceso legislativo, siempre y cuando hubiesen gozado de inmunidad de haberlas realizado el propio legislador; lo importante es el acto, no quien lo lleva a cabo. Silva v. Hernández Agosto, 118 DPR 45 (1986); Gravel v. U.S., 408 U.S. 606 (1972).[1]

Aunque el privilegio de inmunidad parlamentaria puede ser renunciado por uno de los miembros de la Asamblea Legislativa, tal renuncia debe ser explícita e inequívoca y sólo puede afectar la situación particular de dicho miembro. La renuncia no puede comprometer el privilegio que ampara a la legislatura como cuerpo. U.S. v. Heltoski, 442 U.S. 477. Respecto a la posibilidad de que la propia Asamblea Legislativa renuncie a dicho privilegio a nombre de sus miembros, ello requiere que se haga mediante expresión legislativa clara e inequívoca. *Ibid* a las págs 491-494.

III

A la luz de este trasfondo doctrinal evaluamos el pedido de Rivera Cruz de que no puede ser compelido a comparecer a la vista de reapertura del proceso disciplinario de Figueroa Vivas por estar protegido por el privilegio evidenciario de la cláusula de inmunidad parlamentaria.

No existe controversia de que Rivera Cruz fungió como investigador especial de la Comisión de lo Jurídico del Senado durante la investigación de los sucesos en el Cerro Maravilla. En esa capacidad

---

[1] En la jurisdicción federal, la Corte Federal para el Distrito de Puerto Rico resolvió específicamente, que un investigador de una Comisión Especial está protegido por la cláusula de inmunidad parlamentaria, con relación a su participación y sus gestiones en tal capacidad. Romero Barceló v Hernández Agosto, 75 F. 3d 23, 31 (1996).

dirigió y coordinó la investigación que llevó a cabo la Comisión de los Jurídico del Senado al amparo de una facultad investigativa, parte esencial del proceso legislativo, Hon. Charlie Rodríguez y otros, supra; Romero Barceló v. Hernández Agosto, supra.

Un examen de las actividades llevadas a cabo por Rivera Cruz como investigador especial senatorial demuestra que de haber sido realizadas directamente por los legisladores miembros de la Comisión de lo Jurídico del Senado, éstos estarían inmunes de testificar en un procedimiento como el que nos ocupa, pues el privilegio de inmunidad legislativa abarca toda actividad legislativa en el hemiciclo y las comisiones, incluso los procesos de deliberación, comunicación, investigación, información y todos aquellos actos necesarios para el desarrollo del quehacer legislativo. Vélez Ramírez v. Colberg Ramírez, 117 D.P.R. 873 (1986; Peña Clos v. Cartagena Ortiz, 114 D.P.R. 576 (1983).

En estas circunstancias no cabe duda de que el privilegio de inmunidad legislativa subsiste y protege a Rivera Cruz en el desempeño de sus pasadas actividades como investigador senatorial, por lo cual no puede ser compelido a comparecer ante el Comisionado Especial. Dicho privilegio subsiste en toda su fuerza y vigor aunque Rivera Cruz ya no forme parte de la estructura investigativa del Senado.


IV

Esta conclusión no queda afectada por el hecho de que el Senado nos remitiese un Informe[2] sobre las actuaciones de Figueroa Vivas que dicho cuerpo entendía constituían violaciones a los Cánones de Etica Profesional. Ese trámite no configura ni constituye una renuncia del Senado al privilegio de inmunidad parlamentaria.

Cabe recordar que el Senado realiza, en el descargo de sus funciones legislativas, numerosas investigaciones a través de sus

---

[2] Los documentos que acompañaron dicho Informe fueron recopilados por el Lcdo. Rivera Cruz.

Comisiones permanentes o especiales. Como parte de dichas investigaciones, el Senado tiene la facultad de referir los asuntos que investiga a la instrumentalidad gubernamental o al poder constitucional con autoridad para atenderlos. Resolver que tales trámites implican una renuncia de la Asamblea Legislativa al privilegio de inmunidad parlamentaria, anularía precisamente una de sus prerrogativas más importantes: la investigación legislativa. Reiteramos que para que exista tal renuncia. es menester que sea explícita e inequívoca, y sólo a considerarse en circunstancias extraordinarias, previa legislación al respecto. U.S. v. Heltoski, *supra.*

Por los fundamentos expuestos, se deja sin efecto la citación del Comisionado Especial que ordenó la comparecencia del Lcdo. Rivera Cruz a los procedimientos de reapertura del caso disciplinario del señor Figueroa Vivas.

Se dictará la Sentencia correspondiente.


Federico Hernández Denton
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Angel Figueroa Vivas

                         TS-4270




                         SENTENCIA


San Juan, Puerto Rico, a 18 de octubre de 1999.


     Por los fundamentos antes expuestos en la Opinión
del Tribunal que antecede, los cuales se hacen formar
parte de esta Sentencia, se deja sin efecto la citación
del Comisionado Especial que ordenó la comparecencia del
licenciado Rivera Cruz a los procedimientos de
reapertura del caso disciplinario del señor Figueroa
Vivas.

     Así lo pronunció y manda el Tribunal y certifica la
Secretaria del Tribunal Supremo. El Juez Presidente
señor Andréu García y la Juez Asociada señora Naveira de
Rodón están inhibidos. El Juez Asociado señor Rebollo
López no interviene.  El Juez Asociado señor Fuster
Berlingeri no intervino.


                    Isabel Llompart Zeno
               Secretaria del Tribunal Supremo